HEIRS OF NICANDRO GARCÍA, ETC., Petitioners, *v.* PUERTO RICO PLANNING, URBANIZING, AND ZONING BOARD, Respondent.

No. 11. Argued May 11, 1949.—Decided December 21, 1949.

*M. A. García del Rosario* and *L. A. García del Rosario* for petitioners. *Rafael R. Fuertes, Félix Bello* and *A. Sandín del Manzano,* for respondent.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

About 1941 there began the urbanization of certain lands owned by the Heirs of Nicandro García, hereinafter called the Heirs, located in the Victoria Ward of the Municipality of Aguadilla. The development was approved on February 3, 1941 by the Municipal Assembly of said city and on March 27 next, by the Department of Health of Puerto Rico. Several streets were constructed and some houses and lots were sold, pursuant to the subdivision plan approved by said entities, but the development work not having been finished, and the purchasers of the houses and lots having met certain inconveniences upon trying to record them in the Registry of Property, the Heirs, on March 5, 1945, appeared before the Puerto Rico Planning, Urbanizing and Zoning Board, hereinafter called the Board, stating their intention to continue the work begun prior to the approval of the Subdivision

Regulation promulgated by the Board. The Board ordered the preparation of an enlargement plan and on March 8, 1946, the construction plans were approved on condition that the Heirs give gratuitously to The People of Puerto Rico a lot for parks with an area of 2226.35 sq. m., and that the work be finished within a year from that date. There was pending the following work:

1. 1930 lin. feet 4″ water pipes
2. four-inch valves
3. 4 fireplugs
4. 45 water connections
5. 1190 1/m of curb and gutter
6. 1300 1/m of sidewalk
7. 3650 sq. m. of asphalt pavement
8. Electric installation

As the cost of said work was estimated in $21,165, the Board, in order to guarantee construction thereof, required the Heirs to furnish bond for an equal amount. The Heirs assigned to The People of Puerto Rico the lot referred to, bound themselves to finish said works within the specified term, and on April 9, 1946 they furnished the said bond. On March 24, 1947, the Heirs notified the Board that the work was practically completed and asked to be released from constructing the sidewalks, because pursuant to the restrictions imposed on the lots, the obligation to construct them fell on the purchasers. On April 11, 1947 the Board answered this petition advising the Heirs that the construction of the sidewalks was the developer's obligation. On April 17, 1947 the Heirs asked the Board for a reasonable extension of time for the construction of the sidewalks and offered to furnish bond in order to guarantee their construction. On May 21, 1947 the Board agreed to grant them an extension of time to finish all pending work within a term which would expire April 9, 1948, required them to first furnish bond to guarantee the completion thereof, and warned them that it would grant

694

them no further extension of time. This decision was notified on the same day it was entered and on July 10, 1947 that is, fifty days after said notification, the Heirs filed a petition requesting that they be released from the construction of the sidewalks and curbs, the estimated cost of which was $8,954.65. After a hearing, the Board released the petitioners from constructing sidewalks in four of the lots, and also readjusted the electric service budget, reducing it in $1,153.14. This decision was notified to them on December 15, 1947. On the 19th of the same month they moved for reconsideration, and it was not until June 2, 1948 that the Board overruled the motion. In order to review the decision of December 15, 1947 as well as the denial of the motion for reconsideration of June 2, 1948, this petition was instituted.

As grounds for this writ of review the Heirs assign as errors: (1) that the Board assumed jurisdiction to take cognizance of this urbanization which had been approved and was in a developing stage prior to the Act creating the respondent Board and the approval of its Subdivision Regulation; (2) that the Board required them to furnish bond, in which judgment for the amount thereof was confessed; (3) that the Board demanded the assignment in favor of The People of Puerto Rico of a parcel of land of 2226.35 square meters for parks, as a condition precedent to the approval of the construction plan; (4) undue application of § 51 of the Subdivision Regulation and abuse of the discretionary power granted by said section, the alleged abuse of discretion consisting in not having granted the exemption for the construction of sidewalks and curbs; and (5) that the decision denying said exemption from construction of sidewalks and curbs was confiscatory and deprived the Heirs of their property without due process of law.

We shall not stop to discuss the assignment of errors because, aside from the fact that the preceding statement of facts is its best answer, there is one circumstance to which

the attorney of the Board calls attention for the first time at the close of his brief, which disposes of petitioners' contention. We shall pass on to discuss it.

 Section 26 of the Act creating the Puerto Rico Planning, Urbanizing and Zoning Board, as amended by Act No. 429 of April 23, 1946,[1] provides that the term in which to ask for the reconsideration of a decision of the Board is of fifteen days,[2] and that, provided that reconsideration has been sought within the afore-mentioned term, the petitioner may file within fifteen days from the date of the notification of the denial of reconsideration, a petition for review in this Court.

Turning back now to the statement of facts, we shall notice that the decision of the Board granting the extension of time to finish all pending work was entered on May 21, 1947 and was notified on the same day, and that it was not until July 10, 1947, that is, fifty days after the notice of this decision, that the Heirs prayed to be released from the performance of certain work required by the order of May 21, 1947. The motion of July 10, 1947 is nothing else than a motion for reconsideration with a different label. But as § 26 before mentioned only grants fifteen days to ask for reconsideration

---

[1] Section 26 referred to, as amended, insofar as pertinent, provides:

"Any party directly interested in the actions, resolutions, approvals, refusals and disapprovals of the Puerto Rico Planning, Urbanizing, and Zoning Board regarding subdivision cases or plans, against which a petition for reconsideration has been requested of the Planning Board within the term of fifteen (15) days, and a resolution and decision has been entered thereon by the Planning Board, may present within the term of fifteen (15) days after the date of notification of such resolution or decision of the Puerto Rico Planning, Urbanizing, and Zoning Board for its review before the Supreme Court of Puerto Rico; *Provided,* That said review before the Supreme Court, which has exclusive jurisdiction to review said actions or decisions, may be granted and shall be limited exclusively to questions of law."

[2] We presume that the term within which to ask for reconsideration begins to run on the date on which the order sought to be reconsidered is notified, since it was the legislative intent to grant a term therefor and that is the starting point most beneficial to the petitioner.

·of a decision of the Board, it seems clear that since said motion for reconsideration was filed after the term of fifteen days fixed by the Act, the Board lacked jurisdiction to enter its decision of December 15, 1947 as well as that of June 2, 1948. Therefore, the petition to review the latter decisions does not lie because the order of May 21, 1947 was final and it was against this decision that review should have been timely sought.

The petition for review will be denied.

Mr. Justice Negrón Fernández did not participate herein.